

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Department of Agriculture
Austin, Texas

Dear Sirs:                    Attention:  Charles E. Baughman

                              Opinion No. O-3941
                              Re:  (1)  Will it be permissible
                                   for seed venders to carry
                                   advertising on the label
                                   which is to be attached to
                                   the bag or container as re-
                                   quired by the Texas Seed
                                   Law?  (2)  Will it be per-
                                   missible for a merchant to
                                   accept a farmer's seed and
                                   offer said seed for sale on
                                   consignment without testing
                                   or tagging it?

        We are in receipt of your opinion request of recent
date in which you submit the inquiries listed above.

        The statutory enactment known as the Texas Seed Law
was passed by the 47th Legislature at its Regular Session, as
House Bill No. 420, approved by the Governor on June 30, 1941.
(See Chapter 551, p. 893, General and Special Laws of the Forty-
seventh Legislature; Vernon's Annotated Civil Statutes, Article
93b.;

        We deem it unnecessary to set forth all of the parti-
cular provisions of the rather lengthy act, since you have copies
of same, but shall content ourselves with only those portions
deemed pertinent to the specific questions you submit.

        In Section 2, "Definitions," we find the following:

        "(g)  The term 'labeling' includes all labels,
    and other written, printed, or graphic representa-
    tions, in any form whatsoever, accompanying and

pertaining to any seed whether in bulk or in containers, and includes invoices.

"(h) The term 'advertisement' means all representation, other than those on the label, disseminated in any manner or by any means, relating to seed within the scope of this Act." (Emphasis ours.)

Then follows in Section 3, the "Label Requirements," containing in detail the information required to be "plainly written or printed" on labels or tags. We will not quote the many provisions of this section; suffice it to say that it is clearly evident that the Legislature did not intend to permit advertising on the label, and your first question is therefore answered in the negative.

Adverting to your second question, Section 4 of the Act contains the prohibitions and we quote in part:

"Sec. 4. Prohibitions.

"(a) It shall be unlawful for any person to sell, offer for sale, or expose for sale any agricultural or vegetable seed within this State;

"(1) Unless the test to determine the percentage of germination required by Section 2 shall have been completed within a twelve-month period, exclusive of the calendar month in which the test was completed, immediately prior to sale, exposure for sale, or offering for sale or transportation.

"(2) Not labeled in accordance with the provisions of this Act, or having a false or misleading labeling.

"* * *."

"Section 5 contains the exemptions allowed under the law. We quote the entire section:

"Sec. 5. Exemptions.

"(a) The provisions of Sections 2 and 3 do not apply:

"(1)  To seed or grain not intended for sowing purposes.

"(2)  To seed in storage in, or consigned to, a seed cleaning or processing establishment for cleaning or processing.  Provided, that any labeling or other representation which may be made with respect to the unclean seed shall be subject to this Act.

"(b)  No person shall be subject to the penalties of this Act, for having sold, offered or exposed for sale in this State any agricultural or vegetable seeds, which were incorrectly labeled or represented as to kind, variety, type, or origin which seeds cannot be identified by examination thereof, unless he has failed to obtain an invoice of grower's declaration giving kind, or kind and variety, or kind and type, and origin, if required.

"(c)  Providing that nothing in this Act shall be construed as preventing one farmer from selling to another farmer such seed grown on his own farm, as covered by the provisions of this Act without having said seed tested and labeled as provided for herein, when such seed is not advertised in the public press outside of the vendor's home county, and is not shipped by common carrier."

From a careful examination of the above and other portions of the Texas Seed Law, we are of the opinion that it would be unlawful for a merchant to accept a farmer's seed and offer same for sale on consignment without testing or tagging it, if the seed so accepted and sold or offered for sale was for sowing purposes.  The burden would be upon the State to prove this, of course.

By this opinion we do not express any opinion concerning the constitutionality of the Texas Seed Law.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Benjamin Woodall*
Benjamin Woodall
Assistant

APPROVED DEC 20, 1941

*Grover Sellers*
FIRST ASSISTANT
ATTORNEY GENERAL

BW:RS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN